IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**SHANNON ROGERS,**

　　　　**Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　　　　　　**Civil Action No.** ___2:24-cv-721___

**CITY OF CHARLESTON,**
**ZACHARY RICHARDS, HART CHILDRESS,**
**CHRISTOPHER GAYHART,**
**PTLM. J. PUCKETT, JUSTIN JONES, and**
**JOHN DOES**

　　　　**Defendants.**

## COMPLAINT

Comes now, Shannon Rogers, by counsel, Stroebel & Stroebel, P.L.L.C. and for his Complaint, states as follows:

1.　　Plaintiff, Shannon Rogers, was punched, kicked, struck, and tased on or about December 13, 2022, by the defendant police officers, Richards, Childress, Gayhart, Puckett, Jones, and John Does.  Plaintiff was a resident of Kanawha County, West Virginia at the time of the beating and is currently a resident of Kanawha County, West Virginia.  Plaintiff's claims are made pursuant to 42 U.S.C. § 1983 as well as state common/statutory laws.  When applicable, plaintiff seeks damages up to the amount of insurance coverage provided to the defendants.

2.　　Upon information and belief, Defendant City of Charleston employed the individual officers, Defendant Richards, Defendant Childress, Defendant Gayhart, Defendant Puckett, Defendant Jones, and Defendant Does, who punched, kicked, struck, tased, and used excessive force against the plaintiff, causing him serious bodily injuries. Defendant City of Charleston is a political subdivision as defined under West Virginia law.  As such, the City of Charleston is liable to plaintiff pursuant to the provisions of 42 U.S.C. § 1983. Specifically,

Defendant City of Charleston has a custom, policy, or practice of allowing its officers to use excessive force without the fear of being disciplined for such conduct.

3.      Upon information and belief, Defendant Richards, Defendant Childress, Defendant Gayhart, Defendant Puckett, Defendant Jones, and Defendant Does were employed by the City of Charleston and were acting under the color of state law at the time they punched, kicked, struck, and tased plaintiff without cause. Defendant Richards, Defendant Childress, Defendant Gayhart, Defendant Puckett, Defendant Jones, and Defendant Does are being sued in their individual capacities.  Plaintiff seeks damages up to the amount of insurance available if applicable.

4.      Upon information and belief, Defendant Does were employed by the West Virginia State Police and were acting under the color of state law at the time they punched, kicked, struck, and beat plaintiff without cause. Defendant Does are being sued in their individual capacities.  Plaintiff seeks damages up to the amount of insurance available if applicable.

5.      On December 13, 2022, Plaintiff was involved in a vehicle pursuit with City of Charleston officers and West Virginia State Police officers. Plaintiff eventually pulled over his car and peacefully gave himself up to the police. Plaintiff can be seen on video parking his vehicle, getting out of the driver side, and placing his hands in the air in surrender. The Defendants respond with their firearms pointed at Plaintiff while screaming profanities at the Plaintiff and telling Plaintiff get on the ground. Plaintiff complied and lowered himself slowly to the ground with his hands outstretched, showing he was surrendering to the officers. Instead of placing Plaintiff under arrest, Defendant Richards, Defendant Childress, Defendant Gayhart, Defendant Puckett, Defendant Jones, and Defendant Does grabbed Plaintiff's arms and began punching and striking Plaintiff when he was not resisting.  Defendant Richards, Defendant Childress, Defendant Gayhart, Defendant Puckett, Defendant Jones, and Defendant Does piled on top of Plaintiff where they

continued to punch, strike, kick, and knee the Plaintiff when he had already surrendered to the police and was not a threat to himself, the officers, or others. Defendant Puckett tased Plaintiff while he was restrained on the ground by the other officers. The force was excessive and unnecessary. Defendants knew through legal precedent that such conduct is a constitutional violation. These actions caused serious bodily injury and required that plaintiff be taken to the hospital for evaluation and treatment.

6. Defendants would have known that their conduct was a violation of plaintiff's constitutional rights at the time they punched, kicked, struck, and tased plaintiff, when Plaintiff had surrendered and was not a threat to himself, the officers, or anyone else.

### COUNT I - VIOLATION OF FOURTH AMENDMENT TO UNITED STATES CONSTITUTION – USE OF EXCESSIVE FORCE

7. Plaintiff re-alleges and incorporates the allegations in the paragraphs above as if fully set forth herein.

8. Defendant Richards, Defendant Childress, Defendant Gayhart, Defendant Puckett, Defendant Jones, and Defendant Does, as set forth hereinabove, punched, kicked, kneed and struck Plaintiff using excessive force that was unwarranted, unnecessary, and unjustified. Defendant Puckett also tased Plaintiff while he was restrained by other officers and laying on the ground. Defendants' actions were done to Plaintiff with the intent to inflict unnecessary harm and humiliation on Plaintiff. At no time after Plaintiff surrendered did Plaintiff pose a threat to the Defendants, himself, or others.

9. The excessive force and conduct described in paragraphs 5, 6, and other paragraphs above and as used against Plaintiff by the Defendants was a violation of Plaintiff's rights under the Fourth Amendment of the United States Constitution to be free from unreasonable search and

seizures and unreasonable intrusions on his bodily integrity. This conduct is actionable pursuant to 42 U.S.C. § 1983.

10.     Tasing, punching, kicking, and striking Plaintiff was excessive, outrageous, and an abuse of power in violation of Plaintiff's rights under the Fourth Amendment to be free from excessive force and unlawful searches and seizures. Further, Defendants' acts, as set forth hereinabove, were done while they were acting under the color of state law. The Defendants would have known from legal precedent that such conduct was a violation of plaintiff's constitutional rights.

11.     As a result of the aforementioned, Plaintiff required medical treatment at the hospital. Plaintiff has suffered physical injury, mental anguish, embarrassment, humiliation and has otherwise been damaged, with emotional distress, violation of his rights and is therefore entitled to compensatory damages, punitive damages, as well as attorney fees and costs pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988.

## COUNT II - BATTERY

12.     Plaintiff re-alleges and incorporates the allegations in the paragraphs above as if fully set forth herein.

13.     Defendant Richards, Defendant Childress, Defendant Gayhart, Defendant Puckett, Defendant Jones, and Defendant Does battered Plaintiff when they tased Plaintiff and when the Defendants punched, kicked, and struck Plaintiff while he was laying on the ground.

14.     As a result of the aforementioned, Plaintiff required medical treatment at the hospital. Plaintiff has suffered physical injury, mental anguish, embarrassment, humiliation and has otherwise been greatly damaged, with emotional distress, violation of his rights and is therefore entitled to punitive damages, attorney fees and costs.

## COUNT III – RECKLESSNESS/MALICIOUS CONDUCT

15.    Plaintiff re-alleges and incorporates the allegations in the paragraphs above as if fully set forth herein.

16.    Defendant Richards, Defendant Childress, Defendant Gayhart, Defendant Puckett, Defendant Jones, and Defendant Does, acted recklessly and/or maliciously when they tased Plaintiff, and when the Defendants punched, kicked, and struck Plaintiff without any just cause or reason.

17.    The malicious nature of these acts is demonstrated by the conduct of the Defendants and the Defendants extreme force used on Plaintiff after he clearly put his hands up and laid on the ground, showing he was surrendering to the police. The defendants also called Plaintiff derogatory names and repeatedly cursed and screamed at Plaintiff during and after the beating.

18.    The conduct of defendants as described herein was in bad faith and carried out in a wanton, reckless, and malicious manner is actionable pursuant to W.Va. Code § 29-12A-5.

19.    As a result of the aforementioned, Plaintiff required medical treatment at the hospital. Plaintiff has suffered physical injury, mental anguish, embarrassment, humiliation and has otherwise been greatly damaged, with emotional distress, violation of his rights and is therefore entitled to punitive damages, attorney fees and costs.

## COUNT IV – VIOLATION OF 42 U.S.C. § 1983-DELIBERATE INDIFFERENCE

20.    Plaintiff re-alleges and incorporates the allegations in the paragraphs above as if fully set forth herein.

21.    Defendant City of Charleston is liable pursuant to 42 U.S.C. § 1983 for the excessive force used against plaintiff.  Specifically, Defendant City of Charleston has a custom, history and policy that allows its officers to use excessive force without consequence.  Their

deliberate indifference to the excessive force used against plaintiff is evident through their failure to address, train, or discipline the officers involved in the excessive use of force event described herein, as well as failing to address, train, or discipline officers involved in other incidents violating other individuals' constitutional rights.  Upon information and belief, the City has taken no steps to discipline the officers named herein. The City of Charleston has also failed to address a number of high-profile incidents of excessive force involving its officers. In each instance, the City failed to take action to train or discipline its officers for excessive force that was captured on video. The City's repeated failure to address the unconstitutional conduct of its police officers has resulted in the custom and practice of employing excessive force without consequence.  The failure of the City of Charleston to take action, now and in the past, perpetuates the ongoing use of excessive force by City of Charleston employees such as Defendant Richards, Defendant Childress, Defendant Gayhart, Defendant Puckett, Defendant Jones, and Defendant Does. This policy results in the citizens of Charleston, and in this instance Mr. Rogers, having his constitutional rights violated.

22.     The acquiescence to and acceptance of such wrongful conduct is a proximate cause of past and ongoing uses of excessive force against Mr. Rogers and other citizens.

23.     As a result of the aforementioned, Plaintiff required medical treatment at the hospital. Plaintiff has suffered physical injury, mental anguish, embarrassment, humiliation and has otherwise been greatly damaged, with emotional distress, violation of his rights and is therefore entitled to punitive damages as well as attorney fees and costs pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988.

WHEREFORE, for the reasons set forth in this Complaint, and for such other and further reasons as are apparent to this Honorable Court, Plaintiff respectfully requests that judgment be

entered in favor of the Plaintiff and against the Defendants and requests that the Court award damages including, but not limited to, physical injury, medical expenses, damages for emotional and mental distress and punitive damages, court costs, pre-judgment interest, post-judgment interest, attorney's fees and expenses.  Plaintiff does not seek direct punitive damages from the City of Charleston.

       PLAINTIFF DEMANDS A TRIAL BY JURY.

                                          SHANNON ROGERS,
                                          By Counsel

                                        **/s/ Paul E. Stroebel**
                                        Paul E. Stroebel (WV Bar #13269)
                                        Attorney for Plaintiff
                                        Stroebel & Stroebel, PLLC
                                        405 Capitol Street; Suite 102
                                        P.O. Box 2582
                                        Charleston, WV 25329
                                        Telephone: (304) 346-0197
                                        Fax: (304) 346-6029
                                        E-mail: paulstroebel1@gmail.com